```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CARDI'S DEPARTMENT STORE, INC.,                :
doing business as Cardi's Furniture            :
                                               :
               Plaintiff,                      :
                                               :
        -against-                              :     **MEMORANDUM AND ORDER**
                                               :        11-CV-5024 (DLI)(MDG)
FEDEX TRADE NETWORKS TRANSPORT &               :
BROKERAGE, INC.,                               :
                                               :
               Defendant.                      :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Cardi's Department Store, Inc. ("Plaintiff" or "Cardi's") brought this action against FedEx Trade Networks Transport & Brokerage, Inc. ("Defendant" or "FTN"), alleging breach of fiduciary duty, breach of contract, and gross negligence arising out of FTN's role as a customs broker for Cardi's. (*See* Compl., Doc. Entry No. 1.) Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes. For the reasons set forth below, Defendant's motion is granted in its entirety.

## BACKGROUND

Plaintiff Cardi's is a furniture importer. (Def.'s 56.1 Stmnt ¶¶ 1-2, Doc. Entry No. 28-14; Pl.'s 56.1 Resp. ¶¶ 1-2, Doc. Entry No. 28-17; Def.'s 56.1 Reply ¶¶ 1-2, Doc. Entry No. 28-20.) On July 29, 2003, Cardi's retained FTN to act as its "custom[s] broker, authorized agent[,] and freight forwarder." (Def.'s 56.1 Stmnt ¶¶ 9, 11; Pl.'s 56.1 Resp. ¶¶ 9, 11; Pl.'s 56.1 Counter-Stmnt ¶ 2, Doc, Entry No. 28-17; Def.'s 56.1 Reply ¶¶ 9, 11.) Cardi's relationship with FTN was memorialized in several written agreements, including an acknowledgment of "Terms and Conditions of Service." (Def.'s 56.1 Stmnt ¶¶ 10-12; Pl.'s 56.1 Resp. ¶¶ 10-12; Pl.'s Counter-

Stmnt ¶¶ 3-5, 41; Def.'s 56.1 Reply ¶¶ 10-12; Spector Aff., Ex. A ("Terms and Conditions of Service"), Doc. Entry No. 28-2.)

On July 29, 2008, Cardi's imported a shipment of furniture (the "shipment") from wholesaler Tradewins LLC ("Tradewins"). (Compl. ¶ 11; Pl.'s 56.1 Resp. ¶¶ 1, 3, 19, 31-32; Def.'s 56.1 Reply ¶¶ 3, 19, 31-32.) Tradewins submitted four invoices to Cardi's for the shipment, each indicating that Cardi's was to pay all freight charges and take possession of the cargo from its point of origin. (Def.'s 56.1 Stmnt ¶¶ 34-36, 39; Pl.'s 56.1 Resp. ¶¶ 22-23, 34-36, 39; Def.'s 56.1 Reply ¶¶ 22-23, 34-36, 39.)

On August 12, 2008, FTN filed documentation with United States Customs and Border Protection ("CBP") for the shipment. (Compl. ¶ 11; Pl.'s Counter-Stmnt ¶ 22.) FTN listed Cardi's as the "importer of record," apparently exposing Cardi's to "antidumping duties."[1] (Def.'s 56.1 Stmnt ¶¶ 3, 6, 8; Pl.'s 56.1 Resp. ¶¶ 3, 6, 8; Def.'s 56.1 Reply ¶¶ 3, 6, 8.) However, Cardi's claims that it instructed FTN to designate Tradewins as the importer of record for shipments of Tradewins furniture. (Def.'s 56.1 Stmnt ¶ 26; Pl.'s 56.1 Resp. ¶¶ 1, 3, 15, 26; Pl.'s 56.1 Counter-Stmnt ¶¶ 9-10, 17, 23-26; Def.'s 56.1 Reply ¶ 3.) The parties disagree as to whether Tradewins agreed to be listed as the importer of record on the shipment or whether Cardi's improperly attempted to avoid antidumping duties. (Def.'s 56.1 Stmnt ¶¶ 6, 13-15, 25, 33, 37-38; Pl.'s 56.1 Resp. ¶¶ 6, 7, 13-16, 18-21, 24-25, 33, 37-38; Def.'s 56.1 Reply ¶¶ 6, 13-15, 33, 37-38.)[2]

---

[1] According to FTN, [a]ntidumping duties are essentially a penalty imposed on suspiciously low priced imports to effectively increase the price in the importing country and [] protect local industry from unfair competition." (Memorandum of Law in Support of FTN's Motion for Summary Judgment or, in the Alternative, for Partial Summary Judgment ("Def.'s Mem.") at 1, Doc. Entry No. 28-15.)

[2] Plaintiff provides an agreement between Cardi's and Tradewins in support of its contention that Tradewins agreed to be the importer of record on the shipments of Tradewins furniture. (Shenning Aff., Ex. 2, Doc. Entry No. 28-16.) Defendant requests that the Court disregard this document, claiming that Plaintiff did not produce the agreement in discovery despite Defendant's requests for "[a]ny and all contracts and/or agreements between Cardi's and

Cardi's contends that it "discovered FTN's erroneous identification of Cardi's as importer of record" on the shipment in September 2008 and immediately contacted FTN and Tradewins. (Pl.'s 56.1 Resp. ¶ 42; Pl.'s 56.1 Counter-Stmnt ¶ 27; Def.'s 56.1 Reply ¶ 42.) When Cardi's notified FTN of the incorrect importer designation, a FTN employee represented that the error could not be corrected. (Def.'s 56.1 Stmnt ¶¶ 44-45; Pl.'s 56.1 Resp. ¶¶ 44-45; Pl.'s 56.1 Counter-Stmnt ¶ 28.) None of Cardi's communications with FTN regarding the alleged error were made in writing. (Def.'s 56.1 Stmnt ¶¶ 43, 46; Pl.'s 56.1 Resp. ¶¶ 43, 46; Def.'s 56.1 Reply ¶¶ 43, 46.) According to Cardi's, FTN mistakenly identified Cardi's as the importer of record on several occasions prior to the shipment at issue here. (Pl.'s 56.1 Counter-Stmnt ¶¶ 12-16, 18-21.)

Cardi's also contends that, in December 2010, CBP requested from FTN a "Blanket Statement of Non-Reimbursement" for Cardi's, covering shipments made in 2008. (Def.'s 56.1 Stmnt ¶ 48; Pl.'s 56.1 Resp. ¶ 48; Pl.'s 56.1 Counter-Stmnt ¶¶ 32, 34; Def.'s 56.1 Reply ¶ 48.) Although Cardi's contends that FTN never contacted it regarding CBP's request, FTN asserts that Cardi's senior purchasing manager, Jeanne Shenning ("Shenning"), failed to return FTN's phone calls. (Def.'s 56.1 Stmnt ¶ 4; Pl.'s 56.1 Resp. ¶ 4; Pl.'s 56.1 Counter-Stmnt ¶¶ 35, 38-39; Def.'s 56.1 Resp. to Pl.'s Counter-Stmnt ¶¶ 35, 38-39, Doc. Entry No. 28-20.)

On January 21, 2011, the shipment liquidated and CBP computed the applicable duties. (Def.'s 56.1 Stmnt ¶ 41; Pl.'s 56.1 Resp. ¶¶ 41, 49; Pl.'s 56.1 Counter-Stmnt ¶ 36.) On February 4, 2011, Shenning contacted FTN regarding antidumping duties that CBP assessed on Cardi's upon liquidation. (Pl.'s 56.1 Counter-Stmnt ¶¶ 36-37; Def.'s 56.1 Resp. to Pl.'s Counter-Stmnt ¶¶ 36-37.) On March 4, 2011, Cardi's revoked FTN's power of attorney. (Pl.'s 56.1 Resp. ¶¶

---

Tradewins." (Def.'s 56.1 Reply ¶¶ 6, 13.) Since the Court finds, *infra*, that Plaintiff's claims must be dismissed as contractually time barred, it need not decide whether to disregard the agreement between Cardi's and Tradewins.

49-50; Pl.'s 56.1 Counter-Stmnt ¶ 40; Def.'s 56.1 Reply ¶¶ 49-50; Def.'s 56.1 Resp. to Pl.'s Counter-Stmnt ¶ 40.) On October 14, 2011, Plaintiff initiated this litigation. (*See* Compl.)

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 202 (2d Cir. 2007) (internal quotations omitted).

A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F. 3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt

that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F. 3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

## II. Analysis

Defendant moves for summary judgment on the grounds that: 1) Plaintiff's claims are contractually time barred; 2) Cardi's has failed to present evidence that FTN was grossly negligent; 3) the parties' contracts limit FTN's obligations and liability; and 4) Cardi's comes to this litigation with unclean hands, having attempted to circumvent its obligations as an importer of record. (Def.'s Mem.)

The Terms and Conditions of Service agreed upon by the parties provides, in relevant part

> (b) All suits against FTN must be filed and properly served on FTN as follows:
> …
>
> (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s);
>
> (iv) For any and all other claims of any other type, within two (2) years from the date of the loss or damage.

(Terms and Conditions of Service § 3(b)). It is well settled that parties to a contract may agree to limit the period in which an action must be commenced to a shorter time than that otherwise provided by the applicable statute of limitations. *John v. State Farm Mut. Auto. Ins. Co.*, 116 A.D.3d 1010, 1011 (2d Dep't 2014); *Inc. Vill. of Saltaire v. Zagata*, 280 A.D.2d 547 (2d Dep't 2001) (citing *Krohn v. Felix Indus., Inc.*, 226 A.D.2d 506 (2d Dep't 1996)). "Absent proof that the contract is one of adhesion or the product of overreaching, or that the altered period is unreasonably short, the abbreviated period of limitation will be enforced." *Id*; *Vega v. Fed. Exp. Corp.*, 2011 WL 4494751, at *6 (S.D.N.Y. Sept. 29, 2011).

Here, Plaintiff does not claim that the provision shortening the time to sue was obtained through "duress, fraud, or misrepresentation"; thus, it is assumed that the term was voluntarily agreed to. *See John*, 116 A.D.3d at 1011. Nor does Plaintiff claim that the seventy-five-day limitations period is unreasonable under the circumstances. *See Zagata*, 280 A.D.2d 547, 548 (upholding a ninety-day limitations period where the period was freely agreed to by the parties and was not shown to be unreasonable under the circumstances). Instead, Plaintiff argues that the shortened limitations period should not apply because: 1) New York public policy bars enforcement of limitation of liability agreements where damages arise from grossly negligent conduct; and 2) Plaintiff's claims are governed by the two-year limitations period in Section

3(b)(iv) of the Terms and Conditions of Service. (Pl.'s Brief in Opp. to Def.'s Mot. for Summary Judgment ("Pl.'s Mem.") at 5-7, 23-24, Doc. Entry No. 28-18.) Both of Plaintiff's arguments are without merit.

First, while New York law "forbids a party's attempt to escape liability, through a contractual clause, for damages occasioned by 'grossly negligent conduct,'" *Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd.*, 81 N.Y.2d 821, 823 (N.Y. 1993), "[t]he contractual shortening of the Statute of Limitations does not, . . . limit a party's liability." *Diana Jewelers of Liverpool, Inc. v. A.D.T. Co., Inc.*, 167 A.D.2d 965 (4th Dep't 1990). Thus, New York courts enforce contract provisions shortening the limitations period even where gross negligence is alleged. *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 128-29 (E.D.N.Y. 2009); *Par Fait Originals v. ADT Sec. Sys., Ne., Inc.*, 184 A.D.2d 472 (1st Dep't 1992) (holding that parties to a contract may agree to be bound by a shortened statute of limitations for all claims, including those involving gross negligence). Accordingly, the seventy-five-day limitations period is enforceable regardless of whether FTN's conduct was grossly negligent.

Second, Plaintiff's claim that the two year, rather than the seventy five day, limitation should apply is inconsistent with the plain language of the contract and unsupported by Plaintiff's own allegations. *Well Luck Co., Inc. v. F.C. Gerlach & Co., Inc.*, 421 F. Supp. 2d 533, 539 (E.D.N.Y. 2005) (finding that "[w]here the contract is unambiguous on its face, it should be construed as a matter of law and summary judgment is appropriate"). The seventy-five-day limitations period applies to "claims arising out of the preparation and/or submission of an import entry." (Terms and Conditions of Service § 3(b)). All three causes of action in the complaint are based on Plaintiff's allegation that FTN was grossly negligent in the preparation and submission of customs documentation for a shipment of furniture purchased by Cardi's.

(*See* Compl.)  Plaintiff's allegations regarding FTN's failure to correct errors or to supplement the customs documentation at issue arises out of the same transaction.  Thus, Plaintiff's contention that the two-year limitations period applies is untenable.

Accordingly, the Court finds that the seventy-five-day limitations period applies.  The shipment liquidated on January 21, 2011; thus, Plaintiff was required to initiate a suit against FTN no later than April 6, 2011.  Since Plaintiff did not file this suit until October 14, 2011, its claims are contractually time barred and must be dismissed in their entirety.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and Plaintiff's claims are dismissed.


SO ORDERED.

Dated: Brooklyn, New York
　　　　July 31, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Having found that Plaintiff's claims are time barred, the Court need not address Defendant's additional arguments. It bears noting, however, that the type of gross negligence precluding a party from escaping liability through a contractual clause "differs in kind, not only degree, from claims of ordinary negligence.  It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing."  *Colnaghi*, 81 N.Y.2d at 823-24. Cardi's allegations and the record as a while do not support a finding of gross negligence on the part of FTN, because FTN's conduct "does not evince the recklessness necessary to abrogate" the parties' agreement to limit FTN's liability.  *Id.* at 824.